# EXHIBIT A

Case 7:21-cv-05052-KMK   Document 1-1   Filed 06/08/21   Page 1 of 10

Date of Filing:

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is the
Plaintiff's residence address.

Plaintiff resides at
600 Stratford Lane, Apt 138
Middletown, New York 10940

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------X
RITA INTRIAGO,

            Plaintiff,          **SUMMONS**

  -against-          Index #:

BEST BUY (STORE # 461), BEST BUY CO., INC.
AND MIDDLETOWN CRYSTAL RT 17 LLC,

            Defendants.
------------------------------------------------------------X
To the above-named Defendant:

    YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                                                                     SOBO & SOBO L.L.P.

                                                                     By: June C.M. Colthirst, Esq.
                                                                     Attorneys for Plaintiff
                                                                       One Dolson Avenue
                                                                       Middletown, New York 10940
                                                                       (845) 343-7626

Dated: September 14, 2020
        Middletown, New York
Defendants' addresses: See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
RITA INTRIAGO,

                         Plaintiff,                    **VERIFIED COMPLAINT**

    -against-

                                                                        Index No.:

BEST BUY (STORE # 461), BEST BUY CO., INC.
AND MIDDLETOWN CRYSTAL ROUTE 17 LLC,

                         Defendants.
-----------------------------------------------------------------X

       Plaintiff, RITA INTRIAGO, by her attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

### THE PARTIES

1. That at all times hereinafter mentioned, the Plaintiff, RITA INTRIAGO, was and still is a resident of the County of Orange, State of New York.

2. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY (STORE #461), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

3. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY (STORE #461), was and still is a foreign corporation duly authorized to do business within the State of New York.

4. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY (STORE #461), was a still is a business entity doing business within the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., was and still is a business entity doing business within the State of New York.

8. That all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN CYRSTAL ROUTE 17 LLC, was and still is a domestic limited liability company organized and existing under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN CYRSTAL ROUTE 17 LLC, was and still is a foreign limited liability company organized and existing under and by virtue of the Laws of the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN CYRSTAL ROUTE 17 LLC, was and still is a business entity doing business within the State of New York.

**AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF RITA INTRIAGO**

11. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY (STORE #461), was the **owner** of a certain premises

located at 1100-1300 North Galleria Drive, Middletown, County of Orange, State of New York, known as "BEST BUY."

12. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY (STORE #461), **maintained** the aforesaid premises.

13. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY (STORE #461), **managed** the aforesaid premises.

14. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY (STORE #461), **controlled** the aforesaid premises.

15. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY (STORE #461), **operated** the aforesaid premises.

16. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY (STORE #461), was the **lessee** of the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY (STORE #461), was the **lessor** of the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., was the **owner** of a certain premises located at 1100-1300 North Galleria Drive, Middletown, County of Orange, State of New York, known as "BEST BUY."

19. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., **maintained** the aforesaid premises.

20. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., **managed** the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., **controlled** the aforesaid premises.

22. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., **operated** the aforesaid premises.

23. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., was the **lessee** of the aforesaid premises.

24. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., was the **lessor** of the aforesaid premises.

25. That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN CYRSTAL ROUTE 17 LLC, was the **owner** of a certain premises located at1100-1300 North Galleria Drive, Middletown , County of Orange, State of New York, known as "BEST BUY."

26. That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN CYRSTAL ROUTE 17 LLC, **maintained** the aforesaid premises.

27. That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN CYRSTAL ROUTE 17 LLC, **managed** the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN CYRSTAL ROUTE 17 LLC, **controlled** the aforesaid premises.

29. That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN CYRSTAL ROUTE 17 LLC, **operated** the aforesaid premises.

30. That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN CYRSTAL ROUTE 17 LLC, was the **lessee** of the aforesaid premises.

31. That at all times hereinafter mentioned, upon information and belief, the Defendant, MIDDLETOWN CYRSTAL ROUTE 17 LLC, was the **lessor** of the aforesaid premises.

32. That on or about the 16th day of November, 2017, while this Plaintiff, RITA INTRIAGO, was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

33. The negligent, wanton, reckless and careless acts of the Defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

34. That the Defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, training, allowing, causing and/or permitting dangerous, hazardous, and/or unsafe conditions to exist on the aforesaid premises; in allowing employees to operate loaded carts in the store when they are not properly trained; in acting with reckless disregard for the safety of others, in failing to properly hire, train and supervise their employees; in failing to properly oversee and maintain the premises, and the Defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless

35. That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and further, the defendants, their agents, servants and/or employees created said condition.

36. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2) (iv), 1602(7) and 1602(11).

37. That by reason of the foregoing, this Plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

38. That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE**, Plaintiff demands judgment against the defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED: September 14, 2020
Middletown, New York

**SOBO & SOBO L.L.P.**

By: June C.M. Colthirst, Esq.
Attorneys for Plaintiff
One Dolson Avenue
Middletown, New York 10940
(845) 343-7626

TO:     BEST BUY (STORE #461)
          C/O Secretary of State

          BEST BUY Co., Inc.
          C/O Secretary of State

          MIDDLETOWN CYRSTAL RT 17 LLC
          C/O Secretary of State

# VERIFICATION

STATE OF NEW YORK, COUNTY OF ORANGE     ss:

RITA INTRIAGO, being duly sworn says; I am one of the plaintiffs in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
RITA INTRIAGO

Sworn to before me on this
Aug 6th _____, 2020

_____
NOTARY PUBLIC

CAROLE SMITH
Notary Public, State Of New York
No. 01SM6093616
Qualified In Orange County
My Commission Expires June 2, 2023